FILED

2015 OCT 21 PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2015 Grand Jury

| UNITED STATES OF AMERICA, | CR No. **CR 15 00576** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1347: Health Care Fraud; 42 U.S.C. §§ 1320a-7b(b)(1)(A), (b)(2)(A): Illegal Remunerations for Health Care Referrals; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 2(b): Causing an Act to be Done] |
| JOSEFF SALES, DANNIEL GOYENA, and DAVID Y. KIM, | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE THROUGH TWELVE

[18 U.S.C. §§ 1347, 2(b)]

[All Defendants]

A. **INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

**The Defendants**

1. Defendant JOSEFF SALES ("defendant SALES") was a resident of Buena Park, California, within the Central District of California. Defendant SALES was a physical therapist ("PT") licensed to practice in California and an enrolled Medicare provider.

2.   Defendant DANNIEL GOYENA ("defendant GOYENA") was a resident of Buena Park, California, within the Central District of California.  Defendant GOYENA was a physical therapist assistant ("PTA") licensed to practice in California.

3.   At various times from in or about March 2008 to in or about January 2014, defendants SALES and GOYENA owned and operated Rehab Dynamics, Inc. ("Rehab Dynamics"), RSG Rehab, Inc. ("RSG"), and Innovation Physical Therapy, Inc. ("Innovation"), California corporations, which were located at various sites in Los Angeles and Orange Counties, within the Central District of California.

4.   A bank account for Rehab Dynamics was maintained at J.P. Morgan Chase Bank, N.A., with account number ending in 5060 (the "Rehab Dynamics Bank Account").  The bank accounts for RSG were maintained at J.P. Morgan Chase Bank, N.A., with account numbers ending in 5234, 2189, and 2698 (the "RSG Bank Accounts") respectively.  A bank account for Innovation was maintained at J.P. Morgan Chase Bank, N.A., with account number ending in 9966 (the "Innovation Bank Account").

5.   Defendant DAVID Y. KIM ("defendant KIM") was a resident of Los Angeles, California, within the Central District of California.  Defendant KIM was a licensed chiropractor, but he was not a physician, PT, or PTA licensed to practice in California, and he was not enrolled as a Medicare provider.

6.   From in or about November 2011 and continuing through in or about January 2014, defendant KIM owned and operated New Hope Clinic ("New Hope"), a California sole proprietorship, located at various locations in Los Angeles County, within the Central District of California.  Defendant KIM, through New Hope, received payments from

2

defendants SALES and GOYENA, through Rehab Dynamics and Innovation, for referrals and for alleged physical therapy services.

### The Medicare Program

7. Medicare was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency operating under the authority of the United States Department of Health and Human Services ("HHS").

8. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each Medicare beneficiary was given a Health Identification Card containing a unique identification number ("HICN").

9. Health care providers who provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."

10. CMS contracted with private companies to certify providers for participation in the Medicare program and monitor their compliance with Medicare standards, to process and pay claims, and to perform program safeguard functions, such as identifying and reviewing suspect claims.

11. To obtain reimbursement from Medicare, a provider had to apply for and obtain a provider number. By signing the provider application, the provider agreed to (a) abide by Medicare rules and regulations and (b) not submit claims to Medicare knowing they were false or fraudulent or with deliberate ignorance or reckless disregard of their truth or falsity.

12. If Medicare approved a provider's application, Medicare assigned the provider a Medicare provider number, which enabled the

provider to submit claims to Medicare for services rendered to Medicare beneficiaries.

13. Medicare reimbursed providers only for services, including physical therapy, that were medically necessary to the treatment of a beneficiary's illness or injury, were prescribed by a beneficiary's physician or a qualified physician's assistant acting under the supervision of a physician, and were provided in accordance with Medicare regulations and guidelines that governed whether a particular service or product would be reimbursed by Medicare.

14. Medicare required that physical therapy services be performed by (a) a physician, (b) a PT, or (c) a PTA acting under the direct supervision of a physician or PT. "Direct supervision" meant that the doctor or PT was physically present in the same office suite and immediately available to provide assistance and direction throughout the time the PTA was performing physical therapy services. Physical therapy services provided by aides or physical therapy students were not reimbursable by Medicare, regardless of the level of supervision.

15. Medicare did not cover acupuncture or reimburse providers for acupuncture services. Medicare did not cover massages unless they were therapeutic massages provided by a licensed therapist as part of the beneficiary's plan of care.

B. THE SCHEME TO DEFRAUD

16. Beginning in or about March 2008, and continuing until at least in or about January 2014, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants SALES and GOYENA, and co-schemer Marlon Songco, together with others known and unknown to the Grand Jury and, independently, with each of:

4

(a) defendant KIM from in or about March 2012 to in or about January 2014; (b) co-schemer Leovigildo Sayat from in or about March 2008 to in or about May 2012; (c) co-schemer Ohun Kwon from in or about July 2009 to in or about July 2011; and (d) co-schemer Eddieson Legaspi from in or about April 2009 to in or about December 2012, knowingly, willfully, and with the intent to defraud, executed and attempted to execute a scheme and artifice: (1) to defraud a health care benefit program, namely, Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (2) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.  THE FRAUDULENT SCHEME

17. The fraudulent scheme operated, in substance, in the following manner:

    a. Defendants SALES and GOYENA obtained and caused to be obtained Medicare provider numbers for Rehab Dynamics, RSG, and Innovation, thus enabling Rehab Dynamics, RSG, and Innovation to submit claims to Medicare.

    b. Defendants SALES and GOYENA recruited defendant KIM and others at various clinics, including but not limited to New Hope, Hong's Medical Management, Inc. ("Hong's Medical"), E.K. Medical Management, Inc. ("E.K. Medical"), and Glory Rehab Team, Inc. ("Glory Rehab"), to solicit Medicare beneficiaries to receive physical therapy services.

    c. Defendant KIM and others recruited Medicare beneficiaries to their respective clinics. The Medicare

beneficiaries supplied their Medicare cards, HICNs, and patient information to the clinics, and defendant KIM and others subsequently provided this information to defendants SALES and GOYENA at Rehab Dynamics, RSG, and Innovation.

   d. Defendants SALES and GOYENA hired licensed physical therapists to perform patient evaluations and re-evaluations for Medicare beneficiaries at these various clinics.

   e. As defendants SALES and GOYENA knew: (i) the licensed physical therapists evaluated, re-evaluated, and created physical therapy treatment plans for only some, not all, of the beneficiaries; and (ii) even for those beneficiaries for whom physical therapy treatment plans were created, many of the beneficiaries never received any follow-up physical therapy services.

   f. While at these various clinics, beneficiaries would often receive only massage and acupuncture (services defendant SALES, defendant GOYENA, defendant KIM and other co-schemers knew were not covered by Medicare) from individuals not licensed to perform physical therapy.

   g. In particular, as defendant KIM knew, defendants SALES and GOYENA hired licensed physical therapists to occasionally supervise defendant KIM's unlicensed staff, who performed services for Medicare beneficiaries at New Hope that were not reimbursable under Medicare guidelines.  Nevertheless, as defendant KIM knew, defendants SALES and GOYENA used Accubill Medical Billing Services ("Accubill") to submit claims to Medicare for reimbursement for physical therapy services for these beneficiaries, despite their having received other non-reimbursable services.

h.   Defendants SALES, GOYENA, and KIM, and others, provided information to Accubill, including the names, HICNs, and other patient information of the Medicare beneficiaries, as well as falsified records that made it appear as though the beneficiaries had received physical therapy treatments from specific PTs hired by Rehab Dynamics, RSG, and Innovation, knowing and intending that Accubill would use this falsified information to submit false and fraudulent claims to Medicare.

i.   Defendants SALES, GOYENA, and KIM, and others, submitted to Accubill the names and provider numbers of specific PTs who purportedly performed the physical therapy services referenced in the claims to Medicare, even though, as defendants SALES, GOYENA, and KIM well knew, the PTs could not possibly have performed the physical therapy services because the PTs were almost always not present at the clinics where the purported services occurred.

j.   Rehab Dynamics, RSG, and Innovation received payment from Medicare for those false and fraudulent claims, and the payments were deposited into the Rehab Dynamics Bank Account, the RSG Bank Accounts, and the Innovation Bank Account, to which defendants SALES and GOYENA had joint access and control.

k.   Defendants SALES and GOYENA wrote checks out of the Rehab Dynamics Bank Account, the RSG Bank Accounts, and the Innovation Bank Account to themselves and others.

l.   Defendants SALES and GOYENA paid kickbacks to defendant KIM and others at these various clinics from the Medicare payments, in exchange for the referral of these Medicare beneficiaries to Rehab Dynamics, RSG, and Innovation.

7

   m. Between in or about March 2008 and in or about January 2014, Rehab Dynamics, RSG, and Innovation submitted approximately $15.2 million in fraudulent and improper claims to Medicare, primarily for physical therapy, and obtained payment from Medicare of approximately $7.8 million for physical therapy services purportedly performed at various clinics.

   n. Defendant KIM received approximately 55 percent of the Medicare payments for the patients who purportedly received physical therapy services at New Hope. These Medicare payments were deposited into the Rehab Dynamics Bank Account and the Innovation Bank Account by defendants SALES and GOYENA, and others on behalf of beneficiaries at New Hope, as payment for the beneficiaries who defendant KIM recruited to New Hope and for the submission of fraudulent and improper claims to Medicare.

   o. Specifically, between in or about March 2012 and in or about January 2014, Rehab Dynamics and Innovation received approximately $690,519.03 in payments from Medicare from fraudulent claims submitted to Medicare, on behalf of beneficiaries at New Hope recruited by defendant KIM, which were deposited into the Rehab Dynamics Bank Account and Innovation Bank Account. Defendant KIM, through New Hope, received approximately $379,785.47 from Rehab Dynamics and Innovation for defendant KIM's participation in the scheme, including providing the fraudulent and improper claim information to defendants SALES and GOYENA, and others at Rehab Dynamics and Innovation, that was submitted to Medicare.

D. EXECUTIONS OF THE FRAUDULENT SCHEME

  18. On or about the dates set forth below, within the Central District of California, and elsewhere, the following defendants,

8

together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the fraudulent scheme described above, knowingly and willfully submitted and caused to be submitted to Medicare the following false and fraudulent claims:

| COUNT | DEFENDANT | APPROX. DATE ALLEGED SERVICES PERFORMED | APPROX. DATE CLAIM SUBMITTED | BENEFICIARY, PHYSICAL THERAPIST, AND SERVICE (CODE) | AMOUNT CLAIMED | CLAIM NUMBER |
|---|---|---|---|---|---|---|
| ONE | SALES, GOYENA | 11/23/2010 | 12/1/2010 | B.K., SALES, Therapeutic activities (97530) | $45.00 | 551110335635200 |
| TWO | SALES, GOYENA | 12/5/2011 | 12/21/2011 | A.K., SALES, Physical Therapy Evaluation (97001) | $100.00 | 551111355441260 |
| THREE | SALES, GOYENA | 1/3/2012 | 1/19/2012 | K.P., L. Sayat, Therapeutic Exercise (97110) | $80.00 | 551912023188920 |
| FOUR | SALES, GOYENA | 1/3/2012 | 1/19/2012 | H.P., L. Sayat, Therapeutic Exercise (97110) | $80.00 | 551912023188910 |
| FIVE | SALES, GOYENA | 3/7/2012 | 3/14/2012 | P.M., Legaspi, Therapeutic Procedure (97112) | $45.00 | 551912074182540 |
| SIX | SALES, GOYENA | 4/26/2012 | 5/10/2012 | J.K., Legaspi, Manual Physical Therapy (97140) | $40.00 | 551812131182180 |
| SEVEN | SALES, GOYENA, KIM | 9/12/2012 | 9/19/2012 | S.C., J.W., Therapeutic Procedure (97112) | $90.00 | 551812263472200 |
| EIGHT | SALES, GOYENA | 11/12/2012 | 11/29/2012 | A.C., M.B., Manual Physical Therapy (97140) | $80.00 | 551812334592110 |

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| NINE | SALES, GOYENA, KIM | 11/8/2012 | 12/3/2012 | K.L., J.W., Therapeutic Exercise (97110) | $80.00 | 551112339006220 |
| TEN | SALES, GOYENA, KIM | 3/15/2013 | 3/28/2013 | K.K., J.W., Therapeutic Procedure (97112) | $45.00 | 551813087337560 |
| ELEVEN | SALES, GOYENA, KIM | 3/20/2013 | 3/28/2013 | K.K., J.W., Manual Physical Therapy (97140) | $80.00 | 551813087337560 |
| TWELVE | SALES, GOYENA | 7/24/2013 | 7/30/2013 | J.C., M.B., Therapeutic Exercise (97110) | $80.00 | 551813211436560 |

COUNTS THIRTEEN THROUGH TWENTY-FIVE

[42 U.S.C. § 1320a-7b(b)(2)(A)]

19. The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and paragraph 17 of this Indictment as if fully set forth herein.

20. On or about the dates set forth below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, the following defendants, together with others known and unknown to the Grand Jury, knowingly and willfully offered and paid remuneration, namely, checks payable in the approximate amounts set forth below, to induce David Y. Kim and others to refer individuals to Rehab Dynamics, RSG, and Innovation for physical therapy-related services, for which payment could be made in whole and in part under a Federal health care program, namely, Medicare:

| COUNT | DEFENDANT | APPROX. DATE | TRANSACTION |
|---|---|---|---|
| THIRTEEN | GOYENA | 4/13/2011 | Check number 1266, drawn on the RSG Bank Accounts, in the amount of $5,769.11, payable to Glory Rehab |
| FOURTEEN | GOYENA | 5/11/2011 | Check number 1318, drawn on the RSG Bank Accounts, in the amount of $2,184.25, payable to Hong's Medical |
| FIFTEEN | SALES | 10/10/2011 | Check number 1786, drawn on the Rehab Dynamics Bank Account, in the amount of $10,119.84, payable to Hong's Medical |
| SIXTEEN | SALES | 3/16/2012 | Check number 2013, drawn on the RSG Bank Accounts, in the amount of $4,456.46, payable to E.K. Medical |
| SEVENTEEN | SALES | 4/23/2012 | Check number 2086, drawn on the RSG Bank Accounts, in the amount of $3,082.54, payable to E.K. Medical |
| EIGHTEEN | SALES | 4/24/2012 | Check number 2082, drawn on the RSG Bank Accounts, in the amount of $2,975.97, payable to Glory Rehab |
| NINETEEN | GOYENA | 12/13/2012 | Check number 1706, drawn on the Innovation Bank Account, in the amount of $2,596.69, payable to E.K. Medical |
| TWENTY | GOYENA | 4/11/2013 | Check number 1838, drawn on the Innovation Bank Account, in the amount of $7,210.90, payable to New Hope |
| TWNTY-ONE | GOYENA | 4/30/2013 | Check number 1864, drawn on the Innovation Bank Account, in the amount of $5,507.79, payable to E.K. Medical |

| | | | |
|---|---|---|---|
| TWENTY-TWO | GOYENA | 8/13/2013 | Check number 1976, drawn on the Innovation Bank Account, in the amount of $1,822.70, payable to E.K. Medical |
| TWENTY-THREE | GOYENA | 11/1/2013 | Check number 2094, drawn on the Innovation Bank Account, in the amount of $2,547.36, payable to E.K. Medical |
| TWENTY-FOUR | SALES | 11/6/2013 | Check number 2622, drawn on the Rehab Dynamics Bank Account, in the amount of $2,391.60, payable to New Hope |
| TWENTY-FIVE | SALES | 11/12/2013 | Check number 2099, drawn on the Innovation Bank Account, in the amount of $2,791.26, payable to E.K. Medical |

COUNTS TWENTY-SIX THROUGH THIRTY

[42 U.S.C. § 1320a-7b(b)(1)(A)]

21. The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and paragraph 17 of this Indictment as if fully set forth herein.

22. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant KIM, together with others known and unknown to the Grand Jury, knowingly and willfully solicited and received remuneration, namely, checks payable in the approximate amounts set forth below, drawn on the Rehab Dynamics Bank Account and the Innovation Bank Account, in return for referring individuals to Rehab Dynamics and Innovation for physical therapy-related services, for which payment could be made in whole and in part under a Federal health care program, namely, Medicare:

| COUNT | APPROX. DATE | TRANSACTION |
|---|---|---|
| TWENTY-SIX | 4/11/2013 | Check number 1838, drawn on the Innovation Bank Account, in the amount of $7,210.90, payable to New Hope |
| TWENTY-SEVEN | 5/8/2013 | Check number 1873, drawn on the Innovation Bank Account, in the amount of $4,223.25, payable to New Hope |
| TWENTY-EIGHT | 6/15/2013 | Check number 1919, drawn on the Innovation Bank Account, in the amount of $2,500.00, payable to New Hope |
| TWENTY-NINE | 11/6/2013 | Check number 2622, drawn on the Rehab Dynamics Bank Account, in the amount of $2,391.60, payable to New Hope |
| THIRTY | 1/2/2014 | Check number 2646, drawn on the Rehab Dynamics Bank Account, in the amount of $2,172.06, payable to New Hope |

1       COUNTS THIRTY-ONE THROUGH THIRTY-FOUR

2              [42 U.S.C. §§ 1028A(a)(1), 2(b)]

3       23.  The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and paragraph 17 of this Indictment as if fully set forth herein.

4       24.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, the following defendants, together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification of other persons, namely, the names and Medicare provider numbers of the physical therapists identified below, during and in relation to felony violations of Title 18, United States Code, Section 1347, as charged in the related counts of the Indictment identified below:

| COUNT | DEFENDANT | APPROX. DATE | PHYSICAL THERAPIST (PROVIDER NO.) AND SERVICE (CODE) | RELATED COUNT OF INDICTMENT |
|---|---|---|---|---|
| THIRTY-ONE | GOYENA | 12/1/2010 | SALES (xxxxxx9936) - Therapeutic Activities (97530) | COUNT ONE |
| THIRTY-TWO | GOYENA | 12/21/2011 | SALES (xxxxxx9936) - Physical Therapy Evaluation (97001) | COUNT TWO |
| THIRTY-THREE | SALES | 1/19/2012 | L. Sayat (xxxxxx0573) - Therapeutic Exercise (97110) | COUNT THREE |
| THIRTY-FOUR | SALES | 1/19/2012 | L. Sayat (xxxxxx0573) - Therapeutic Exercise (97110) | COUNT FOUR |

COUNTS THIRTY-FIVE THROUGH THIRTY-SIX

[42 U.S.C. §§ 1028A(a)(1), 2(b)]

25.  The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and paragraph 17 of this Indictment as if fully set forth herein.

26.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant KIM, together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification of other persons, namely, the names and HICNs of the beneficiaries identified below, during and in relation to felony violations of Title 18, United States Code, Section 1347, as charged in the related counts of the Indictment identified below.

//
//

| COUNT | APPROX. DATE | BENEFICIARY (HICN) AND SERVICE (CODE) | RELATED COUNT OF INDICTMENT |
|---|---|---|---|
| THIRTY-FIVE | 12/3/2012 | K.L. (xxxxx2506M) - Therapeutic Exercise (97110) | COUNT NINE |
| THIRTY-SIX | 3/28/2013 | K.K.(xxxx3212A) - Therapeutic Procedure (97112) | COUNT TEN |

A TRUE BILL

/S/
_____
Foreperson


EILEEN M. DECKER
United States Attorney

[signature]

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section

BYRON J. MCLAIN
Assistant United States Attorney
Major Frauds Section

16